# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FAITH OSBORNE and**
**NORMAN OSBORNE,**

    **Plaintiffs,**

v.                                              Case No. 8:11-cv-716-T-30TBM

**VERICREST FINANCIAL, INC.,**
**a foreign corporation,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 5) and Plaintiffs' Response in opposition (Dkt. 8). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiffs filed this action against Defendant Vericrest Financial, Inc. under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiffs' complaint alleges that in or around May 2010, Defendant began repeatedly telephoning Plaintiffs demanding payment of a debt. Specifically, Defendant claimed that Plaintiffs were late on their mortgage. Plaintiffs allege that they were not late on their mortgage payments and had a

mortgage with Chase Manhattan Mortgage Corporation, not Defendant. Plaintiffs allege that Defendant, however, acted as though it was the owner of the mortgage.

After receiving numerous phone calls from Defendant demanding payment, on July 13, 2010, Plaintiffs' attorney sent a letter to Defendant informing Defendant that Plaintiffs were represented by counsel and requesting Defendant to cease calling them. Subsequently, Defendant continued to call Plaintiffs. Defendant also reported to several credit reporting agencies that Plaintiffs were deficient in their payments of the mortgage, which caused Plaintiffs' credit scores to drop. Plaintiffs allege that on November 23, 2010, Plaintiffs' attorney sent another letter to Defendant. The letter disputed the validity of the alleged debt, demanded proof thereof, and informed Defendant that it was violating the FCRA and the FDCPA. Defendant failed to respond to the letter and Plaintiffs initiated the instant action in state court, which Defendant removed to this Court.

Defendant now moves to dismiss all of Plaintiffs' claims for failure to state a claim. Specifically, Defendant argues that: (1) the FCRA claim fails to state a claim because Plaintiffs do not allege that they filed a dispute with the appropriate credit reporting agency; (2) the FDCPA claim fails because Defendant is not a "debt collector"; and (3) the FCCPA claim is partially preempted by the FCRA. The Court agrees with Defendant, in part.

## DISCUSSION

**I.      Motion to Dismiss Standard of Review**

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960

(2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     Plaintiffs' FCRA Claim

Plaintiffs' FCRA claim alleges that Defendant violated section 1681s-2(b) by failing to investigate the alleged debt after Plaintiffs' attorney sent a letter directly to Defendant on November 23, 2010, disputing the validity of the debt. Defendant argues that this claim fails because Plaintiffs do not allege that they provided notice of their dispute to a credit reporting agency. *See* 15 U.S.C. §1681i(a)(2). The Court agrees.

Federal law is clear that in order to allege a claim under section 1681s-2(b), a plaintiff must allege that the defendant received notice of the dispute from a consumer reporting agency. *See Carruthers v. American Honda Finance Corp.*, 717 F. Supp. 2d 1251 (N.D. Fla. 2010); *see also Burrell v. DFS Services, LLC*, 2010 WL 4926704 (D.N.J. 2010); *Bittinger v. Wells Fargo Bank NA*, 2010 WL 3984626 (S.D. Tex. 2010); *Chiang v. MBNA*, 634 F. Supp.

2d 164 (D.Mass. 2009). In other words, an allegation that the notice of the dispute was provided directly from plaintiff to defendant is insufficient to state a claim. *Id*.

In their response, Plaintiffs rely on one case, *Welch v. Target Nat'l. Bank*, 2009 WL 1659708 (M.D. Fla. 2009), that concluded that notice to the consumer reporting agency was unnecessary when the plaintiff directly informed the defendant of the disputed information. Although the holding of *Welch* makes practical sense to the Court, it is contrary to the statutory language and all other cases on this issue.

Accordingly, Plaintiffs' FCRA claim is dismissed without prejudice to Plaintiffs to amend their complaint to include the necessary allegations of notice.

### III.  Plaintiffs' FDCPA Claim

Plaintiffs allege that Defendant's actions described herein violated several different provisions of the FDCPA. Defendant moves to dismiss this claim because it contends that it is not a debt collector under the FDCPA. Defendant cites to authority that stands for the proposition that residential mortgage lenders, holders, and servicers do not meet the definition of a debt collector. This may be true, but, as Plaintiffs point out, Plaintiffs allege that Defendant was not the mortgage lender. Thus, whether Defendant is a debt collector will turn on factual issues that would not be appropriate for this Court's review at the motion to dismiss stage. And given Plaintiffs' allegation that Defendant is a debt collector under the FDCPA and was not the mortgage holder, lender, or servicer, Defendant's motion to dismiss must be denied. This is without prejudice to Defendant to renew this argument on a motion for summary judgment.

### IV.   Plaintiffs' FCCPA Claim

Defendant argues that Plaintiffs' FCCPA claim is partially preempted by the FCRA to the extent that it alleges disclosure of false information to credit reporting agencies. The Court agrees. Section 1681t of the FCRA states that a party cannot assert a claim imposed under the laws of "any State" with respect to any subject matter regulated under section 1681s-2 relating to the "responsibilities of persons who furnish information to consumer reporting agencies." *See* 15 U.S.C. §1681t.

Part of Plaintiffs' FCCPA claim contains allegations that would be preempted, such as the allegations contained in paragraphs 45 and 47 of their complaint, which relate to Defendant's disclosure to credit reporting agencies concerning the existence of a debt known by Defendant to be false. Accordingly, Defendant's motion to dismiss based on preemption is granted to the extent that the FCCPA claim is premised on credit reporting activity.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 5) is hereby granted in part and denied in part as set forth herein.

2. Plaintiffs have fourteen (14) days from the date of this Order to amend their FCRA claim.

3. Plaintiffs' FDCPA claim is not dismissed.

4.   Plaintiffs' FCCPA claim is partially preempted by the FCRA to the extent that the FCCPA claim is premised on credit reporting activity.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-716.mtdismiss5.frm